**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-51181
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EFRAIN GOMEZ-GARCIA,

Defendant-Appellant

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1949-ALL

_____

Before HIGGINBOTHAM, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Efrain Gomez-Garcia appeals his sentence following his guilty plea conviction for illegal reentry into the United States, a violation of 8 U.S.C. § 1326. Gomez-Garcia was sentenced within his advisory guidelines range to 37 months of imprisonment and three years of nonreporting supervised release. Gomez-Garcia contends that his sentence is not entitled to a presumption of reasonableness because U.S.S.G. § 2L1.2, the guideline provision applicable to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violations of § 1326, is not empirically based. As acknowledged by Gomez-Garcia, this argument is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

Gomez-Garcia also contends that his sentence should be vacated as substantively unreasonable because it was greater than necessary to meet the requirements of 18 U.S.C. § 3553(a). Gomez-Garcia contends that his sentence overstated the seriousness of his illegal reentry offense, failed to reflect his personal history and characteristics, and overstated the need to deter future crimes and to protect the public. The substantive reasonableness of Gomez-Garcia's sentence is reviewed under an abuse-of-discretion standard, and a presumption of reasonableness applies to his sentence. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Gomez-Garcia's appellate arguments fail to establish that his sentence was unreasonable.

AFFIRMED.